# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

\* \* \*

| | | |
|---|---|---|
| MARCUS L. HUDSON, | ) | |
| Plaintiff(s), | ) | 2:08-cv-1589-RLH-VPC |
| vs. | ) | **O R D E R** |
| B. TRANGO, *et al.*, | ) | (Motion to Dismiss–#19) |
| Defendant(s). | ) | |

Before the Court is Defendants' **Motion to Dismiss** (#19, filed January 30, 2009). Plaintiff Hudson filed an Opposition[1] (#21) on February 12, 2009. Defendants filed their Reply (#22) on February 18, 2009. Pursuant to Local Rule 78-230(m), of the Eastern District of California, the motion is submitted on the moving papers without the necessity of oral argument.

Defendants' Motion is brought pursuant to Rule 12(b), Fed. R. Civ. P., and on the ground that Plaintiff failed to exhaust his available administrative remedies prior to bringing this action, in violation of 42 U.S.C. § 1997e(a). The motion has merit and will be granted.

## BACKGROUND

Plaintiff, at all time relevant, was an inmate at California State Prison, Solano. On

---

[1] He styled it as a "Motion for Opposition to Defendants' Motion to Dismiss," but it is not a motion, merely the opposition to the motion.

1

April 15, 2006, he was informed that he would be required to reside on a top bunk. When the officers told him of his new housing location, he presented to them a medical chrono (order) stating that he was to be given a bottom bunk for medical reason. The officers allegedly refused to comply with the medical chrono (order) and placed him on the top bunk from which he allegedly fell while trying to get down.

On April 18, 2006, Plaintiff filed an administrative grievance, SOL-06-01326, stating that the officers disregarded the chrono. This grievance was partially granted at this first formal level of review, on May 20, 2006. What happened thereafter is clear, but is characterized differently between the parties.

## DISCUSSION

"In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *Id.* at 1120.

To exhaust administrative remedies, a prisoner in the State of California prison system, must follow the procedures set for in 15 Cal. Code of Regs. §§ 3084.1-3084.7. These regulations require a prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to the institution head; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR).

As is set forth in the affidavits provided by Defendants, Plaintiff failed to appeal to the second level appeal. Rather, he proceeded straight to the third level appeal, not once, but three times, bypassing the appeal to the institution head. Plaintiff claims that this was a second level appeal. However, he provides no evidence, other than his conclusion, that this appeal was a second level appeal. The affidavits of those who keep the records of these appeals clearly state that the three appeals were to the Director (versus the institution head), and were, therefore, third level appeals, not second level appeals.

These three third level appeals were rejected on three separate occasions because Plaintiff failed to provide appropriate documentation and failed to submit the appeal for a second level review. *See, Affidavit of S. Cervantes*, Appeals Coordinator at the California State Prison, Solano, stating that affiant thoroughly searched the records which reflected the initial appeal, but did not seek a second level review. *See also, Affidavit of N. Grannis*, Chief of the Inmate Appeals Branch, CDCR, stating that affiant searched the appeals records and found three appeals to the Director, which were rejected because of missing documents and because Plaintiff Hudson failed to seek a second level review.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#19) for failure to exhaust administrative remedies is GRANTED, and this matter is dismissed.

Dated: February 24, 2009.

_____
**Roger L. Hunt**
**Chief United States District Judge**